**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JOHN WINDHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO. 1:26-00231-JB-N** |
| **CHERYL WINDHAM, et al,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on *pro se* Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Staying State Proceedings pursuant to Federal Rule of Civil Procedure 65. (Doc. 7). After review of the relevant filings, Plaintiff's motion is DENIED.

On June 23, 2026, *pro se* Plaintiff filed a Complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and 18 U.S.C. § 1964(c). (Doc. 1). He also seeks relief for violation of his civil rights pursuant to 42 U.S.C. § 1983. (*Id*.). Shortly after filing his Complaint, Plaintiff filed a Motion for a Restraining Order and Injunction, which the Court construed as a motion for a temporary restraining order. Plaintiff's motion was subsequently denied for failure to meet the procedural requirements of Rule 65. (Doc. 6). The instant second motion was filed just days later that addressed the procedural shortcomings of Plaintiff's first motion. A review of the docket also reflects that since the filing of this motion, both Defendants have been served and have separately moved for dismissal. (*See* Docs. 10, 11, 12, and 16). Nevertheless, Plaintiff's motion was filed before service occurred and the instant motion continues to seek injunctive relief without participation of Defendants.

This Court has already set forth the prerequisites for a restraining order.  (Doc. 6). Specifically, a temporary restraining order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Further and relevant here because Plaintiff seeks relief without participation by Defendant under Rule 65, a temporary restraining order ("TRO") may be granted without notice if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte*, which means without notice to and the participation of the opposing party, relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders, reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974).

According to Plaintiff's motion the "Defendants are actively executing an ongoing, extrajudicial asset-extraction scheme that directly targets and seizes the Plaintiff's exempt federal veteran and disability subsistence benefits." (*Id*.).   Although the specific facts remain

2

unclear, it seems that the facts relating to Plaintiff's alleged civil RICO claim relate to divorce proceedings taking place in Ohio.  The urgency to Plaintiff's request is based on an upcoming hearing scheduled to take place in the divorce proceedings on July 27, 2026,

The Court finds that Plaintiff has not met his burden of establishing the necessary prerequisites to obtaining an injunction.  Specifically, liberally construing Plaintiff's Complaint and various other filings, Plaintiff has not clearly shown "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard".  *See* Rule 65. Instead, the Complaint sets forth in a conclusory fashion that Plaintiff will suffer immediate and irreparable injury without providing any supporting facts to support his claim.  Indeed, a plain reading of the Complaint does not even inform this Court of what the alleged scheme is in which that Defendants are supposedly participating. Without more, the Complaint does not necessitate the imposition of a temporary restraining order.

Further, to the extent Plaintiff seeks an injunction with participation of the Defendants[1] (since they have now been served), the motion remains unconvincing.  For the reasons above, Plaintiff has not shown irreparable harm.  Further, even construing the facts liberally, the Complaint fails to set forth facts from which this Court could conclude that Plaintiff will likely be successful on the merits of his claim.  To be sure, in order to prevail on a civil RICO claim, a plaintiff must prove three essential elements: "(1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). Section 1962 provides four subsections under which a plaintiff may claim a RICO

---

[1] Because this Court has determined that Plaintiff's motion should be denied pursuant to Rule 65, it will not separately address the personal jurisdiction arguments recently raised by the now served Defendants in this order.

violation.  None of the facts set forth in the Complaint can be read to articulate a viable RICO claim. As a result, such a claim is unlikely to be successful on the merits.    The remaining prerequisites for injunctive relief are equally unsatisfied. As a result, the Court is not compelled to hold an emergency hearing or impose emergency injunctive relief.[2] Accordingly, Plaintiff's motion for Injunctive relief is DENIED.

       **DONE and ORDERED** this 24th day of July, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that Plaintiff seeks to have this Court "enjoin and stay the ongoing state court proceedings in the Court of Common Pleas of Stark County, Ohio (Case No. 2023DR01006)."  Regardless of the above, Plaintiff fails to address on what authority this Court has jurisdiction to intervene in state court proceedings in the manner in which Plaintiff requests.

4